# IN RE ESTATE OF JOHN MANKOWSKI.
## MARGARET J. MANKOWSKI v. PETER P. MANKOWSKI.

123 N. W. (2d) 914.

October 25, 1963—No. 38,958.

*Fred Sorenson,* for appellant.
*Frank J. Collins,* for respondent.

OTIS, JUSTICE.

These proceedings were initiated in the probate court of Hennepin County by Margaret J. Mankowski's petition for general administration alleging that decedent died intestate, that she was his surviving spouse, and asking for her appointment as administratrix. Respondent, Peter P. Mankowski, filed objections to the petition, denying appellant was decedent's widow and alleging that he was the sole heir of the estate.[1] At the same time he offered decedent's will for probate. Appellant responded by renouncing the will and asserting her widow's rights.

The petitions and objections of the parties were heard by a referee,

---

[1] While respondent claimed to be decedent's son, it now appears without dispute that he was decedent's nephew.

and on the basis of his findings the court on May 16, 1960, admitted the will to probate and dismissed the petition for general administration. There is no mention in the order, nor are there any findings by the court, regarding appellant's status as surviving spouse. The court's minutes show the hearing was continued to June 30, 1960, "[a]s to issue of whether or not Margaret Mankowski is the wife or spouse of the decedent, there being no objection to admission of Will and appt. of representative, as above provided." Pursuant to the continuance, the probate court again assigned the matter to a referee who conducted two hearings in June and July 1960. Both parties offered evidence on the issue of Margaret Mankowski's marital status without any suggestion that this question had been determined by the May 16 order. The case was submitted to the probate court on July 13, 1960, but for reasons which are not apparent, the court's findings, conclusions, and order were not filed until November 13, 1961. The court found that appellant was never married to decedent, and was not his wife at the time of Mankowski's death. In addition, the court held that Peter Mankowski was decedent's only heir and entitled to all of his estate.

Within 30 days of the entry of that order, Margaret Mankowski appealed to the district court, asserting as one of the issues for determination the question of whether she was decedent's surviving spouse. In June 1962 respondent moved the district court for summary judgment,[2] asserting as his only ground that the probate court's order of May 16, 1960, had determined adversely to appellant her claim that she was decedent's wife, rendering that issue res judicata by reason of the appellant's failure to appeal from it. The district court granted respondent's motion on October 5, 1962, without a memorandum and affirmed both the order of May 16, 1960, and the order of November 13, 1961. From that judgment Margaret Mankowski appeals.

It is the contention of respondent that because Margaret Mankowski alleged in her petition for administration that she was decedent's surviving spouse, and in his objection to her petition, as well as in his own petition to prove decedent's will, he put that claim in issue, the probate court's order of May 16 necessarily decided that question.

---

[2] Rule 56.03, Rules of Civil Procedure.

As we view the matter, there was no occasion for the probate court to adjudicate appellant's marital status in its first order. All the May 16 order determined was the existence of a will. Upon proof that John Mankowski died testate, it was the court's duty to grant respondent's petition without reference to whether decedent was a married man. Not only did the probate court's own minutes show that the matter was thereafter continued to determine whether Margaret Mankowski was decedent's spouse, but respondent took an active part in the subsequent hearings and introduced evidence without objecting that the question had previously been litigated. It seems unlikely that counsel and the court silently acquiesced in the retrial of an issue which had already been laid to rest.

We therefore hold that Margaret Mankowski's marital status was not adjudicated until November 13, 1961, and hence her appeal to the district court was timely.

There being no other issue raised by the motion for summary judgment, the matter is reversed and remanded for disposition on the merits.

Reversed and remanded.